# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

SAICHY SINGKIO SIMION,

Defendant.

)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CM1069-11**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed September 17, 2012. Oral arguments were heard on October 1, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On October 21, 2011, the Government filed a complaint to charge Defendant with driving under the influence of alcohol as a misdemeanor. On November 23, 2011, the Court entered a summons for Defendant to appear and answer on January 4, 2012. Thereafter, Defendant was appointed counsel on January 4, 2012, released on a personal recognizance bond of $1,000 on January 5, 2012, and arraigned on January 25, 2012.

On September 17, 2012, Defendant filed the present motion to dismiss alleging he was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues the delay is not excusable for good cause and that the complaint should be dismissed with prejudice. The Government argues that judicial delay constitutes good cause to excuse the untimely arraignment and that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

**1. Good Cause to Delay Prompt Arraignment**

Guam law does not describe the specific circumstances that constitute good cause to delay a prompt arraignment. In *People v. Stephen*, 2009 Guam 8 ¶ 32, the Supreme Court explained that "the prompt arraignment requirement of 8 GCA § 60.10(a) is a statutory expression of the speedy trial right." The Guam Supreme Court also holds that speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on January 25, 2012, more than 60 days after the complaint was filed on October 21, 2011. The majority of the delay appears to be the Court's order for the Defendant to appear seventy-five (75) days after the complaint was filed. The Government contends that this delay is excusable for good cause because it is not attributable to prosecutorial delay. The Court does not agree. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)). For this reason, the untimely arraignment is not excused by 75 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and of *Rasauo*, 2011

Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or either without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See Perez*, 2011 WL 2294194, at *3 (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, the Defendant was arraigned on January 25, 2012, ninety-six (96) days after the complaint was filed on October 21, 2011. The length of this delay may not give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 ¶ 44. The parties agree that the delay was caused by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. The Defendant was incarcerated during the delay, but he does not allege any actual prejudice or specific impact upon his health, affairs or legal defenses and the Court cannot find that prejudice resulted from the delayed arraignment. *Id.* at ¶¶ 49-56. These circumstances weigh against the finding of a constitutional violation and against the legitimacy of Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious misdemeanor offense, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by the

Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

**SO ORDERED this** 23RD **day of November, 2012.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG, PDSC

Date 1-23 Time: 3pm

Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 2 3 2012

Enrique F. Aflague, Jr
Deputy Clerk, Superior Court of Guam

Page 4 of 4